# UNITED STATES DISTRICT COURT

for the

District of Minnesota

Minneapolis Division

Nicole Ann Skaro, Nicole/Matthew Skaro OBO Minor Children DS (2006), VS (2012), VJS (2013-2015), LS (2014), GS (2016); Matthew Martin Skaro, Nicole/ Matthew Skaro OBO Minor Children DS (2006), VS

*Plaintiff(s)*

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**-v-**

Waconia Public Schools, Waconia School Board, Southview Elementary, Waconia Public Schools Special Education Department

*Defendant(s)*

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

Case No. 23cv345 DSD/DJF

*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☐ Yes ☑ No

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Non-Prisoner Complaint)

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

SCANNED
FEB 10 2023
U.S. DISTRICT COURT MPLS

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Matthew and Nicole Skaro |
| Address | 1683 Saint George Street |
| | Waconia (*City*) MN (*State*) 55387 (*Zip Code*) |
| County | Carver |
| Telephone Number | 952-258-9871, 952-258-9861 |
| E-Mail Address | matt@skarocompanies.com nicole@skarocompanies.com |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Waconia Public Schools |
| Job or Title *(if known)* | |
| Address | 512 Industrial Blvd |
| | Waconia (*City*) MN (*State*) 55387 (*Zip Code*) |
| County | Carver |
| Telephone Number | |
| E-Mail Address *(if known)* | |

☐ Individual capacity ☑ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Waconia School Board |
| Job or Title *(if known)* | |
| Address | 512 Industrial Blvd |
| | Waconia (*City*) MN (*State*) 55387 (*Zip Code*) |
| County | |
| Telephone Number | |
| E-Mail Address *(if known)* | |

☐ Individual capacity ☑ Official capacity

Defendant No. 3

| | |
|---|---|
| Name | Southview Elementary School |
| Job or Title *(if known)* | |
| Address | 225 W. Fourth Street |
| | Waconia (*City*) MN (*State*) 55387 (*Zip Code*) |
| County | Carver |
| Telephone Number | |
| E-Mail Address *(if known)* | |

☐ Individual capacity ☑ Official capacity

Defendant No. 4

| | |
|---|---|
| Name | Waconia Public Schools Special Education Department |
| Job or Title *(if known)* | |
| Address | 512 Industrial Blvd. |
| | Waconia (*City*) MN (*State*) 55387 (*Zip Code*) |
| County | Carver |
| Telephone Number | |
| E-Mail Address *(if known)* | |

☐ Individual capacity ☑ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

☑ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

WACONIA PUBLIC SCHOOLS ET AL deprived plaintiffs Free Access to Public Education and constitutional right to attend school in the city in which they reside.

WACONIA PUBLIC SCHOOLS ET AL and all parties violated Plaintiffs constitutional rights while who is acting in the color of federal authority violating the U.S. Constitution by federal officers.

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

WACONIA PUBLIC SCHOOLS ET AL threatened placement of all minors in social services unless Plaintiff withdrew complaint and enrollment. When Plaintiffs refused WACONIA PUBLIC SCHOOLS ET AL lied to Carver County Sheriff an Carver County social services, weaponizing the education system, social services system, and law enforcement against Plaintiffs.

D.      Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.
Fall 2021, The school district reports three plaintiffs to the Minnesota Automated Reporting Student System (MARSS) as enrolled in Fall 2021. Thus Waconia Public Schools et al received federal and state funding for VAS, LMS, and GKVS.
WACONIA PUBLIC SCHOOLS ET AL has received MARSS and Medicaid funds for plaintiff since 2011.

## III.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.      Where did the events giving rise to your claim(s) occur?
PLEASE SEE ATTACHMENT ONE

B.      What date and approximate time did the events giving rise to your claim(s) occur?
PLEASE SEE ATTACHMENT ONE

C.      What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*
PLEASE SEE ATTACHMENT ONE

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## IV. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

PLEASE SEE ATTACHMENT ONE

## V. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

PLEASE SEE ATTACHMENT ONE

FINANCIAL DAMAGES ATTACHMENT ONE, EXHIBIT 1

Page 5 of 6

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: FEBRUARY 9, 2023

Signature of Plaintiff

Printed Name of Plaintiff MATTHEW MARTIN SKARO NICOLE ANN SKARO

### B. For Attorneys

Date of signing: ____________

Signature of Attorney ____________

Printed Name of Attorney ____________

Bar Number ____________

Name of Law Firm ____________

Address ____________

City ____________ State ____________ Zip Code ____________

Telephone Number ____________

E-mail Address ____________

Print Save As... Add Attachment Reset

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**MINNEAPOLIS DIVISION**

---

---

Nicole Ann Skaro, Nicole/Matthew Skaro OBO Minor Children DS (2006), VS (2012), VJS (2013-2015), LS (2014), GS (2016); Matthew Martin Skaro, Nicole/Matthew Skaro OBO Minor Children DS (2006), VS (2012), VJS (2013-2015), LS (2014), GS (2016)

**Plaintiffs**

v.

Waconia Public Schools; Waconia School Board, Southview Elementary, Waconia Schools Special Education Department

**Defendants**

---

ATTACHMENT ONE

---

**I. JURISDICTION**

A. All defendants named have a legal responsibility and abused it, violating the action by a state and the 1983 requirement of a person acting under color of law. Therefore, by not investigating this in its entirety which the office of Civil Rights MDHR has said, we must do as we have exhausted all administrative options. Waconia Public Schools et al. blatantly encouraged discrimination against the entire Skaro family.

B. **MINNESOTA ATTORNEY GENERAL AND MINNESOTA DEPARTMENT OF EDUCATION HAVE LITIGATED ALL STATE ADMINISTRATIVE ROUTES**

**C. MINNESOTA DEPARTMENT OF HUMAN RIGHTS AND OFFICE OF CIVIL RIGHTS HAVE REFERRED THIS COMPLEX CASE, MADE MORE COMPLEX BY THE DEFENDANT, TO CIVIL ACTION.**

1. **FAILURE OF A FEDERAL OFFICIAL-**A *Bivens* Claim
2. **FAILURE OF A STATE OFFICIAL AND LOCAL OFFICIAL-** a § 1983 claim

**II. AUTHORITIES**

A. USDOE-Prohibited Disability Harassment

B. USDOE- Dear Chief State School Officer

C. USDOE-Questions and Answers on Civil Rights and School Reopening in the COVID-19 Environment.

D. Title VI of the Civil Rights Act of 1964

E. Title IX of the Education Amendments Act of 1972

F. Section 504 of the Rehabilitation Act of 1973
G. Title II of the Americans with Disabilities Act of 1990
H. Department of Education (ED) COVID-19 Handbook Volume I and II.
I. Dear Colleague Letter regarding assessments
J. Letter on Part B Implementation of IDEA Provision of Services in the current COVID-19 Environment Q&A)
K. A District's Responsibility to Provide- January 25, 2013

**III. MINNESOTA ATTORNEY GENERAL REFERRED AND SUPPORTED AUTHORITIES**

A. The Minnesota Attorney General's office cited the Table of Authorities citing:
   1. These laws support and show how Defendant failed to provide Free Access to Public Education.
B. 20 Federal Case Authorities
C. 11 State Case Authorities
D. 7 Federal Statutes
E. 4 State Statutes
F. 22 Federal Regulations
G. 7 Other Authorities in addition to the supplemental statute.

**IV. MINNESOTA DEPARTMENT OF EDUCATION RULED ON DECEMBER 28, 2021 THAT DEFENDANT FAILED TO PROVIDE FREE ACCESS TO PUBLIC EDUCATION.**

**V. STATEMENT OF CLAIM**

**A. BACKGROUND**

1. Pro Se Plaintiffs Nicole and Matthew Skaro bring this lawsuit on behalf of their five minor children, three of whom were students at an elementary school in Waconia, Minnesota, during the events of this lawsuit.
2. Plaintiffs are suing Defendants Waconia Public Schools and naming various school officials and/or employees for their involvement.
3. Collectively and systematically, the defendants denied free access to public education to all four minors when Plaintiffs asked SEA to investigate; the Defendants retaliated against the Plaintiffs.
   - Paul Tordoff, Director of Special Education
   - Pat Devine- Superintendent until July 2022, Ex-Officio Chair Waconia School Board until July 2022.
   - Jennifer Froehlich, Former Special Education Manager at Southview Elementary until the end of the 21-22 school year, is currently employed by Edina Schools.
   - Dana Geller-President and Chair of Waconia School Board
   - Dr. Khuzana DeVaan, Southview Elementary
   - Melanie Hagen, School Board Member and Administrator of Waconia Parents 2021

**B. STATE ACTORS PERJURED, SLANDERED AND LIBELED ALL PLAINTIFFS NAMES AND REPUTATIONS AS ACTING AS ACTORS OF THE STATE.**

1. Pro Se plaintiffs have five children. All five children have been enrolled in Waconia Public School, and Waconia Public School has received state

**SKARO ET AL. V. WACONIA PUBLIC SCHOOLS ET AL** ORIGINAL FILING-FEBRUARY 9, 2023 **PAGE 8**
PAGES 1-6 *PRO SE COMPLAINT FOR VIOLATION OF CIVIL RIGHT* PAGES 7-23 *ATTACHMENT ONE*

and federal funds for educational services for all five children.

2. Waconia Public Schools has also billed all five children's Medicaid for services rendered.

3. In the 2021-2022 academic school year, Waconia schools returned to in-person services with an optional mask policy and offered no distance learning. If students wished to exercise CDC and medical professionals' direction, they would have to enroll in a different district.

4. According to the following authorities, denying distance learning and no universal mask policies denied a student free access to Public Education but denied Plaintiffs access to extracurricular activities.

5. Waconia Community Education is provided and falls under the Defendant's legal responsibility. IDEA and ADA specifically state that denying extracurricular events is a denial of FAPE; by not instilling a universal mask mandate, they deprived plaintiffs of all rights given to other residents.

**C. AMY MACE AND MARCUS JARDINE, THOUGH REPRESENTATIVES OF PLAINTIFF, SINCE PLAINTIFF HAS BEEN ACTING IN OFFICIAL STATE CAPACITY, MS. MACE AND MARCUS JARDINE ARE LEGALLY OBLIGATED TO BE NON-DISCRIMINATORY AND TO NOT VIOLATE PLAINTIFFS RIGHTS TO PROTECT A STATE ACTORS RIGHTS.**

**1. ADMINISTRATIVE PROCEEDINGS**

1. The court is ordering Plaintiff to use all appropriate administrative routes.

2. Plaintiff contacted the SEA, who began an investigation; SEA forwarded it to MDHR, who investigated and filed a complaint.

3. After ALJ, Plaintiff was contacted by the Office of Civil Rights, who advised her of the statute of limitations of 180 days and that they would need to wait until MDHR completed its investigation.

4. MDHR referred the case to OCR, and OCR formally interviewed Nicole Skaro in March.

5. OCR notified that since Defendant was appealing, they could not investigate.

6. OCR stated that if the statute of limitation on the January report expired due to the litigation, Plaintiff could file a civil action.

7. Plaintiff elected to file a civil action, as they have stated since the beginning of August 2021, that this was discrimination and therefore wanted to keep the complexity of this case as simple as possible.

8. If the motion is upheld, the following administrative step would be to file an OCR at the DOJ complaint, resulting in more taxpayer dollars being spent.

9. The Defendant is attempting to hide behind committees, channels, and statutes to escape the illegality of their actions.

**D. FACTS**

1. VAS, LMS, GKVS were enrolled, and Waconia Public Schools had them entered into the state reporting system for the 2021-2022 Academic Year, as enrolled.
2. The plaintiffs received federal funding for students DS, VAS, VJS (d), LMS, and GKVS. DS was enrolled in Waconia Public Schools until August 2020.
3. Nicole Skaro and Paul Tordoff have had a history of IEP disagreements during DS enrollment.
4. VJS (d) 's Medicaid insurance was billed for services provided before his death in 2015.
5. DS currently attends Holy Family High School, a private high school in Victoria, MN.
   a) DS attended Waconia School K-8. In August 2020, Defendant solely offered distance learning for the academic year.
   b) Holy Family offered in person with strict COVID19 contact tracing and pod measures.
   c) The DS medical team agreed DS would do better in person, therefore Plaintiff transferred DS prior to the start of the 2020-2021 Academic Year.
6. December 27, 2019- Jennifer Froehlich emailed Plaintiff's offering Homebound Services for VS, pre-pandemic.
7. November 17, 2020- Paul Tordoff sent a letter stating that all families who wished for distance learning due to particular circumstances would be honored.
8. Academic Year 2021-2022 VAS, LMS, and GKVS are enrolled in Watertown-Mayer Elementary school, a public school district in Carver County, appx 20 miles round trip from the Plaintiff's home.
9. The plaintiffs still live within the school district zones of Waconia Public School and the Southview borders.
   a) Plaintiffs have always had an amicable relationship with defendants. They have donated gifts in honor of their late son every year. These gifts included bounce houses, toys, bikes, and two intelligent screen TVs; from March 2021-August of 2021, Dr. DeVaan had been asking for thousands of dollars in donations for her particular wishes.
10. July 28, 2021- Dana Geller contacted Nicole Skaro asking for her candid opinion regarding distance learning.
11. August 2021- Waconia School Board passed a unanimous decision for optional mask education with no distance learning; any student wishing to practice CDC Recommended practices had to unenroll from Waconia Public Schools and Enroll at another district.
12. In August 2021, the Plaintiffs met with Dr. DeVaan, Paul Tordoff, and Pat Devine to discuss the unique medical needs of the Plaintiff's minor children. VAS and GKVS are on community-based home healthcare

federal-funded waivers. Therefore, the county stated that the skilled
healthcare services the minors needed must be provided by the school,
which Waconia Public Schools refused to provide.

13. The week of August 7, 2021, Dr. DeVaan called Nicole Skaro from her cell
phone to let the Plaintiffs know they would have to seek a different school;
Nicole Skaro blurted, "Dr. DeVaan, the stress of this all has been too
much. I just attempted to kill myself twice this week. I need you to call
Matt. I can't think straight." She called Matthew Skaro and never told him I
stated I had attempted to take my life twice.

14. On August 26, 2021, Plaintiff formally asked for Homebound Education
under IDEA and ADA protections and their IEP protections.

15. September 2021, at the school board meeting, the president of the board,
Dana Geller, had me speak again.
    a) Board Member Jackie Johnson stated I was citing fear and out of
    order.

16. September 21, 2021, after Nicole Skaro's mental health crisis was
stabilized, Nicole Skaro emailed the board and Superintendent about the
failure of mandated reporting and the extensive online bullying their family
had been receiving from Waconia Public School Staff and Faculty.

17. Pat Devine responded that Free Speech protected the staff, and the
school did not fail to report. I had submitted proof of board members
engaging in abuse, which he said he would do nothing about. Social
Media Documentation

18. Pat Devine stated that the Plaintiff had been emailing too often, and they
would no longer respond. This was on September 21, 2021, after ignoring
their family for one month, and their children were receiving no education,
yet Waconia Public Schools had them enrolled, therefore being
compensated, in MARSS.

19. September 21, 2021, Plaintiff submitted "Policy Failures of District 110
Waconia School District and Community Education ADA Violations Done
by ISD110". Plaintiff attempted to meet and discuss with the board before
submission, but emails went unanswered, and Defendant stated their
attorney would be in touch. Original Complaint

20. September 27, 2021, Nicole Skaro was contacted by the Carver County
Parenting Crisis team stating they heard she needed help. Later that day,
Nicole Skaro was contacted by Carver County Social Services, noting
there had been a report of child neglect they required to investigate.

21. September 28, 2021, Plaintiff informed the defendants that the MDE was
opening an investigation.

22. On September 29, 2021, Plaintiff requested that schoolwork be sent
home due to the school refusing to respond to emails.
    a) Dr. DeVaan stated that the Plaintiffs' minor children and herself
    were not protected under ADA and IDEA.
    b) Plaintiff stated it would be a different curriculum than Waconia

School District and gave no plan for reintegration.

23. September 30, 2021, Waconia Public Schools called the Carver County Sheriff stating, "The sheriff needed to do a welfare check on the female and her three juvenile children. Social Services stated the female had been previously making remarks about committing suicide, and she did not feel safe."

24. Waconia Public Schools lied to the Carver County Sheriff and plaintiffs. They denied and asked for redacted police reports and only admitted they called the sheriff when the Minnesota Department of Human Rights began their investigation under the guise of neglect.

25. On October 7, 2021, Nicole Skaro emailed Defendants to ask if they called the sheriff; not a single person responded to the email nor asked if things were ok.

26. October 11, 2021, Nicole Skaro emailed the board as she attempted to contact the Carver County sheriff to ID, who reported the family to the Sheriff's office..

27. In October 2021, Waconia Public Schools stated that if the Plaintiffs did not agree to in-person learning, they would be reporting the family to the county truancy program, which could result in losing custody of all Plaintiff's minor children.

28. Fall 2021, The school district reports three plaintiffs to the Minnesota Automated Reporting Student System (MARSS) as enrolled in Fall 2021. Thus Waconia Public Schools received federal and state funding for VAS, LMS, and GKVS.

29. MARSS homebound indicator states that if there is no district-wide policy on masks, homebound must legally be offered.

30. On October 12, 2021, the School District threatened students would be recorded as truants.

31. On October 13, 2021, Dr. Bies of Wayzata Children's Clinic wrote another detailed letter stating the student's medical needs.

32. November 2, 2021, School District held an IEP meeting after attempting to have it without Matthew Skaro, who was unavailable due to his military obligations.

33. November 2, 2021, meeting, PACER Advocates stated that the school district repeatedly asking a family to prove their disability when they have already done so legally is illegal. Defendant ignored all comments.

34. **December 29, 2021 Minnesota Department of Education, SEA, ruled that defendants failed to provide Free Access to Public Education and ordered compensation.**

35. January 6, 2021, Plaintiff emailed ALJ, Defendants, and board members stating Plaintiff's Civil Rights were being violated; it was denied with no investigation.

36. January 10 and 2022-January 15, 2022, scheduled hearings with administrative law Judge Mortenson.

37. January 17, 2021 Plaintiffs submit Summation along with the request for the MDE decision to be considered in the ruling; ALJ stated explicitly in his judgment that he did not look at anything we provided due to evidentiary laws.

38. February 4, 2022, ALJ issued a due process decision on three categories:
    a) Whether the school's plan constitutes the least restrictive environment.
    b) Whether the placement of home is the Least Restrictive Environment
    c) Whether the most recent evaluation of GS was appropriate.

39. April 18, 2022, the Minnesota Department of Education mostly adopted the school district's compensatory education proposal, where the school district was to provide a $5,300 pool of funds to pay or reimburse for educational services before December 29, 2022.

40. Despite extensive receipts and a court order to still pay compensation during the appeal, the School District only paid approximately **$200.00** for the VAS wheelchair basketball fee.

41. The IEPs the ALJ ruled on were written and proposed in November 2021. The MDE complaint and decision were for the previous calendar year and then-in effect IEPs.

42. The ALJ approved November 2021 proposed IEPs.
    a) It is vital to note that ALJ approved the proposed IEPs; a parent doesn't have to legally accept an IEP to get FAPE, free access to public education. All children are entitled to FAPE, and IEPs grant equitable access.
    b) The Department of Education ordered failure to provide universal masking or distance learning in the 2021-2022 school year was a Failure to Provide Free Access To Public Education.
    c) The focus of Waconia's complaint centered on clothing worn by Nicole Skaro and her appearance and how it made staff feel uncomfortable. Waconia is over 95% Caucasian, while the Skaro family primarily has Mexican ancestry.
    d) Defendant and Attorney Mace mention Nicole Skaro's bra over five times in court records and briefings.
    e) Waconia Public Schools had staff following and recording the locations of Plaintiffs at any time. They would then report it and harass the Plaintiffs in a Facebook Group called Waconia Parents 2021, a group for parents in the school district.
    f) One of the administrators of this group, Melanie Hagen, was elected to the School Board in November 2022.
    g) This group targeted Plaintiffs, doxxed their address, and posted pictures and locations of the minor children.

43. Waconia ISD did not follow MDE Homebound Indicator and had zero intention of allowing any student to be taught under process in the entire

district, as was stated by Paul Tordoff that no students district-wide were current and past few years been allowed Homebound.

a) Defendant admitted on the record that they have no Homebound Protocol or requirements; they don't offer it. Homebound is a legally required offering per ADA and IDEA, so all children have access to Free Access to Public Education, and Waconia doesn't even have a policy.

44. Waconia acted in bad faith during meetings with parents in August 2021 with no intention of allowing alternative education plans for immunocompromised students outside of distance learning in a different school district that still needed to receive accreditation for K-8 at the beginning of the 2021-2022 school year.

45. Department of Education, Departed of Civil Rights, Discrimination policy states it is a school's utmost responsibility for zero tolerance of harassment in school and outside, and the knowledge by Superintendent and School Board in town and endorsed by the district abandons the legal responsibility of every Defendant named and is criminal and the very definition of gross mismanagement.

## II. THE COLOR OF THE LAW

### A. Any ruling allowing defendants to go unpunished nor fully investigated including criminal, will rewrite the color of law in not only education but all discrimination in the United States Systems, Waconia Public Schools will have successfully litigated systemic discrimination and fraud into an accepted model for state actors.

1. Waconia Public School School Board President, Dana Geller, asked Plaintiff to speak at a public board meeting regarding the health needs of their minor children and the district's decision to have a district-wide mask optional policy.
2. August 2021 Board Meeting, per invitation of Dana Geller. Nicole Skaro, who has worked as a policy analyst, spoke out as the community refused to offer distance learning, telling any students seeking a mask mandate to enroll in another district. Plaintiffs repeatedly emphasized that forcing students and families with health conditions into another district was discriminatory, and the defendants told plaintiffs that race had nothing to do with it.
3. When Nicole Skaro pointed out that Defendant had an infectious diseases policy adopted in December 2019, the Superintendent at the time, Pat Devine, stated Covid19 was not an infectious disease and, therefore, the policy did not apply.
   a) Defendant's attorney said that the policy only applies to sexually transmitted infections.
4. The plaintiffs initiated a complaint through the Minnesota Department of Education, a non-adversarial route of conflict resolution.
5. Plaintiffs engaged in Advocates Pacer, Requested IEP protections.

6. Waconia retaliated in September 2021 by calling the Carver County Sheriff, threatening Nicole Skaro's life.
7. Defendant denied knowledge of county law enforcement and social services involvement until February 2022, when the Minnesota Department of Human Rights launched an investigation.
8. Waconia Public Schools threatened to have Carver County Human Services remove all minor children. Waconia Public Schools stated that two minor children were not disabled enough to qualify for the IEP, ADA, and IDEA Protections.
9. Defendant's definition of homebound stated that if Plaintiff left the house threshold, they were not disabled.
10. It did not matter that two minors were legally disabled, receiving social security benefits. Nicole Skaro is legally disabled, and Defendant had extensive medical history knowledge, hence why Dana Geller reached out initially.
11. The plaintiffs submitted extensive medical records with specialists from around the world and institutions from Mayo and Wayzata Children's Clinic, along with extensive personal medical history.
12. Plaintiffs submitted data showing Waconia Public Schools COVID19+ numbers were staggeringly higher than the area.
13. By the time the school filed litigation against Plaintiff, a staggering amount of COVID19+ cases had impacted Waconia Public Schools, and they had to instigate a short-term mask mandate, inciting protests and riots at the school and school board meetings.
14. During the 2021-2022 school year, a staff member collapsed during the school day and died from blood clots in his lungs, a known complication of COVID-19.
15. Minnesota Department of Education, the legal decision maker, is the state educational authority under the department of education and, therefore, the institution of decisions on access to public education. On December 28, 2020, MDE deemed Waconia Public Schools failed to provide free access to public education.
16. January 10, 2021, the five-day hearing began for the adversarial proceedings instigated by Waconia Public Schools. Court History and Case Law show that at the Minnesota Court of Appeals, the School District's Attorney told the judges and Minnesota Attorney General they were proud of these extraordinary measures, such as taking our family to court.
17. Matthew Skaro is a Reservist in the Air Force;Nicole Skaro is a former foster child. Both factors impact children's education and social services programs.
18. Due to the complexity of the case and the threats from the district about a referral to social services, the Plaintiffs hired an attorney; after their $10,000 retainer was spent before December 15, 2021, the attorney

withdrew himself to continue would require a $15,000 additional retainer.

19. Since the withdrawal, Plaintiff has managed the MDE Investigation, MDHR Investigation, OCR Interview, and Defendant's appeal, all pro se, while finding education for three of Defendant's four minor children.

20. The school would intentionally attempt to exclude Matthew by scheduling meetings when he explicitly stated he was on orders, giving them ample time to organize.

21. During the Due Process hearings, Attorneys Representing the Defendants stated that Plaintiff, Matthew Skaro, was unreliable and not credible because he could not recite everywhere he had been on his orders within the last year.

22. Defendant's attorney accused Matthew Skaro of lying about military orders.

23. On February 4, 2022, Judge Mortenson (ALJ) Ruled on what if the Defendant needed to fund an independent evaluation exam and if a home solely defines the least restrictive environment. While he heard everything, the school insisted on having every private detail on the record.

24. April MDE ordered Waconia Public Schools to pay **$5,300.00** to Plaintiff. Due to the children not being provided any educational material since the beginning of the proceedings in August, Plaintiffs quickly submitted over **$20,000** in receipts paid and documentation of staffing. Defendant ignored MDE and Plaintiff until the appeal, even though they were ordered to pay during the appeal. They, therefore, only paid for VS wheelchair basketball fee appx **$200.00**.

25. Instead of paying compensatory and closing the complaint, they contested the term "provides" in their legal obligation of Free Access to Public Education.

26. Defendant asserts that their exclusive definition of home-based outranks the legal definition of homebound.

27. Minnesota Attorney General Keith Ellison, Kathleen Reiz, and Martha Casserly filed extensive documentation in the Minnesota Court of Appeals on Behalf of the Minnesota Department of Education; the Plaintiff had exhausted their savings and gone into default on their house and bills and could only "represent" themselves pro se, however, they couldn't do or say anything.

28. The Skaro family has stated, since August, that this was discrimination. Waconia Public Schools denied all allegations and stated that "Plaintiff did not need to bring race into it",

29. Defendant submitted pictures of the Plaintiff and details of Nicole Skaro's undergarments as evidence of their case. Even though Plaintiff had been stating this was disability discrimination since day one, not race, neither Waconia Schools nor any Defendant of this lawsuit investigated this allegation.

30. Defendant denied all mediation attempts with the Minnesota Department of Human Rights and Office of Civil Rights.

31. Defendant never addressed the question informally. Defendants were openly violating their Waconia Public Schools Discrimination Policy but the Office of Civil Rights at the Department of Education Policy.

32. The ability of a school district to be able to file adversarial proceedings with the threat of removing their children for coercion to an educational plan that directly jeopardizes the safety of that child should be illegal.

33. A school district and their attorney who purposely do it while muddying the waters of a complex case to avoid paying $5,300 and admitting they made a mistake should be criminally prosecuted.

34. The law is the adversary, the very concept of the court of appeals is the understanding of the adversary.

35. A standard of measurement is another public school.

36. Three of the minor children, two legally disabled, attend the public school in the next town over approx 10 miles one way and 20 miles round trip.

37. The three younger minors, with the same diagnoses and data, have received better services and are getting an equal education that is superior to anything ever asked for at Waconia Public Schools. In November 2022, all three kids were seriously ill during the pediatric health crisis and missed three weeks of school. The new public school district pivoted and addressed the needs and reintegration of the students into their classroom, all without threats of calling social services or the sheriff. The oldest child is enrolled at another school per his medical team; they are doing the minor accommodations Waconia Public Schools denied for K-8. Waconia Public Schools had stated he was cognitively delayed. When he transferred schools and got the services and extended test time, he was 96th Percentile and no longer suicidal. As for the fifth child, Waconia Public Schools has still never answered why and how they illegally billed his Medicaid while he was in the hospital and not enrolled in school, as he was one year old at the time. The Skaro family has endured fraud investigations from the Carver/Scott county Medicare Fraud Investigation Department, because of Waconia Public Schools' fraud.

38. One family, five children, three schools, and two educational experiences and institutions. No family in America should need to shop for a school district because of their medical diagnoses and needs.

39. Brown v. Board of Education changed the landscape of educational law. If the court rules in favor of Waconia Public Schools, Waconia Public Schools will have rewritten the color of the law on how to circumvent any American child's IEP, which they deem too difficult.

40. The new policy would be if a parent complains, file an unrelated due process, or win that due process to negate any responsibility of legal duties—the new color of the law.

**LEGAL ISSUES**

1. Minnesota Attorney General's Office concluded that The Minnesota Department of Education concluded from its investigation that the Relator Independent School District No. 110 ("School District") did not provide special education and related services to the students in conformity with their past and then-in-effect Individual Education Programs ("IEP"). The department ordered the School District to take corrective action by retroactively providing compensatory services to the students to compensate for the loss of benefits.
   a. Authorities:

34 C.F.R. §§ 300.17 300.151-300.153
Minn Stat §§ 125A.03 125A.08
Duluth v. Bonney, 705 N.W.2d 209 (Minn Ct. App 2005)
Sp. Sch. Dist. No. 1 Mpls. Pub. Sch v. R.M.M., 861 F 3d 769 (8th Cor. 2017)
John T ex rel Robert. T. v. Iowa Dep't of Educ., 258 F. 3d 860 (8th Cir 2001)

1. Minnesota Attorney General's Office concluded that The Minnesota Department of Education determined that the two issues raised in the state complaint-whether the school district failed to provide the students with special education and related services and whether the school district considered the parents' concerns-were not being addressed in the separate due process action. The department issued a narrow State complaint decision limited to these two issues pursuant to the original decision-issuance timeline, consistent with and as required under 34 CFR § 300.152.
   a. Authorities:

C.F.R §§ 300.152(c), 300.503, 300.507
Office of Special Education and Rehabilitative Services (OSERS) Q&A Memorandum
John T. v. Iowa Dept. of Educ., 258 F. 3d 860 (8th Cir 2001)

**CONCLUSION**

1. Defendants, especially those named, have a legal obligation to all district taxpayers, residents, students, and parents.
2. Plaintiffs own and reside in a home within the borders of Defendant's responsibilities.
   a. Plaintiffs have protections under ADA and IDEA.
3. If Defendant were genuinely upholding their legal obligation to the students, SEA, OCR, and taxpayers, they would have allowed MDE AND MDHR to investigate without calling the sheriff or social services and beginning legal proceedings against Plaintiff.
4. Defendant made a complex case impossible in hopes of escaping consequences for state actions and failures. SEA is a part of a State Agency, and denying FAPE is a state action.
5. Instead of admitting fault, Defendant weaponized the sheriff, social services, and public institutions to retaliate and threaten.
6. Discrimination is inevitable. That is why there are statutes to prevent arbitrary legal actions against the state.
7. Denying discrimination with bad faith actions and a weaponized social services system is criminal.

8. Their actions and inactions jeopardized every student and their protections under ADA AND IDEA in this country, as evident that in order to get the education that is the students' right, they have to enroll in a different school district, ordered by the Defendant, the school district, board, and officials, which is the very denial of free access to public education.

***THEREFORE, The plaintiffs request the court to rule that the Defendants violated the Plaintiff's civil rights by denying Free Access to Public Education and failed to execute their legal obligations.***

**VI. INJURIES**

**A. The Skaro family has been forced to enroll three of their children in a neighboring public school district which requires them to drive 40 miles at a minimum, per school day and additional miles when doctors appointments or therapies are involved.**

**B. There have been substantial physical, emotional and social injuries that the plaintiff is willing to disclose under seal.**

**VII. RELIEF**

**A. IMMEDIATE RESOLUTION**

1. **WACONIA PUBLIC SCHOOLS ATTORNEY APPEARED IN PERSON ON OCTOBER 26, 2022 IN FRONT OF JUDGE MAGNUSON AND CONFIRMED ALL THESE ACTIONS HAPPENED.**
2. **THEIR LEGAL RESPONSE WAS SIMPLE, "SHE ASKED FOR HELP."**
3. **THE LAW HAS BEEN PROVEN TO BE BROKEN BY NUMEROUS STATE AGENCIES, THE ONLY STATE AGENCY AND ACTORS WHO ATTEMPT TO KEEP AVOIDING THE PENALTY IS THE DEFENDANT.**
4. **MATTHEW SKARO AND NICOLE SKARO ASK THE COURT FOR IMMEDIATE FINANCIAL RELIEF FROM THE STATE IN THE MAXIMUM AMOUNT.**
5. **MATTHEW AND NICOLE SKARO HAVE PROVIDED THE COURT WITH THEIR FINANCIAL NUMBER BASED ON A STANDARD OF MEASURE THEY CAN IMMEDIATELY PROCURE.**

**B. SYSTEMIC RESOLUTION**

1. **THE COURT REFER ALL PARTIES TO THE PROPER LEGAL CHANNELS FOR FULL INVESTIGATION.**

**C. FINANCIAL RELIEF**

1. **PLAINTIFFS ASK THE JUDGE TO ORDER COMPENSATION TO BEGIN AS FAST AS LEGALLY POSSIBLE TO BEGIN TO MITIGATE AND MAKE RESTITUTION FOR HARM CAUSED TO PLAINTIFF BY STATE ACTION.**
2. **PLAINTIFF ASKS FOR THE FINANCIAL AMOUNT OF $20,360,00.00, BASED ON THE FORMULA DISPLAYED BELOW, HOWEVER, ASKS THE COURT TO PENALIZE ALL STATE ACTORS TO THE EXTENT OF THE LAW BASED ON THE VULNERABILITY OF THE VICTIMS AND**

**EXTENT OF VIOLENCE INFLICTED AGAINST THEM.**

3. **CHART LABELED *EXHIBIT 1***

/S/

MATTHEW SKARO

/S/

NICOLE SKARO

FEBRUARY 9, 2023